IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDWARD E. JONES, | ) | No. C 10-04048 JF (PR) |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| v. | ) | |
| WARDEN C. CULLEN, et al., | ) | |
| Defendants. | ) | |

Plaintiff, a California prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff states that his administrative appeal is still pending at the highest level at the time he filed the instant action. Consequently, this case is DISMISSED without prejudice for failure to exhaust administrative remedies.

**DISCUSSION**

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA") provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available

are exhausted." 42 U.S.C. § 1997e(a).  Exhaustion is mandatory and not left to the discretion of the district court.  <u>Woodford v. Ngo</u>, 548 U.S. 81, 84 (2006).  Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as money damages.  <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002).  All available remedies must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'"  <u>Id.</u> (citation omitted).  Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit.  <u>Id.</u>; <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001).  Prisoners cannot avoid the administrative exhaustion requirement by requesting relief not available in the appeals system, such as monetary relief, or by simply declaring the process futile.  The exhaustion requirement requires "proper exhaustion" of all available administrative remedies.  <u>Ngo</u>, 548 U.S. at 93.

The State of California provides its prisoners and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a).  In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal review, (2) first formal written appeal on a CDC 602 inmate appeal form, (3) second formal level appeal to the institution head or designee, and (4) third formal level appeal to the Director of the California Department of Corrections and Rehabilitation.  <u>Barry v Ratelle</u>, 985 F. Supp 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5).  A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). <u>See id.</u> at 1237-38.

Because exhaustion under § 1997e(a) is an affirmative defense, a complaint may be dismissed for failure to exhaust only if failure to exhaust is obvious from the face of the complaint and/or any attached exhibits.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20

1  (9th Cir. 2003).  The Court may dismiss a complaint for failure to exhaust where the
2  prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies."  <u>Id.</u> at
3  1120.

4      Here, Plaintiff concedes in his complaint that the appeal is still pending at the
5  director's level.  (Compl. at 2.)  He states that he is "enduring the appellate process" and
6  that "while awaiting further adjudication, Plaintiff was transferred to the very 'dorm
7  setting' that has [him] suffering."  (<u>Id.</u>)  However, an action must be dismissed unless the
8  prisoner exhausted his available administrative remedies <u>before</u> he or she filed suit, even
9  if the prisoner fully exhausts while the suit is pending.  <u>McKinney v. Carey</u>, 311 F.3d
10 1198, 1199 (9th Cir. 2002); <u>see</u> <u>Vaden v. Summerhill</u>, 449 F.3d 1047, 1051 (9th Cir.
11 2006) (where administrative remedies are not exhausted before the prisoner sends his
12 complaint to the court it will be dismissed even if exhaustion is completed by the time the
13 complaint is actually filed).  As it is clear from the complaint that Plaintiff did not exhaust
14 his available administrative remedies <u>before</u> he filed the instant action, dismissal without
15 prejudice is appropriate even if he may have by now completed the review at the third
16 level.  <u>See</u> <u>id.</u>

17     Accordingly, the above-titled action is hereby DISMISSED, without prejudice to
18 Plaintiff's refiling his claim after all available administrative remedies have been
19 exhausted.

20     IT IS SO ORDERED.
21 DATED: 1/25/11

                                                JEREMY FOGEL
                                                United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

EDWARD E JONES et al,

        Plaintiff,

v.

C. CULLEN, et al.,

        Defendants.

Case Number: CV10-04048 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 2/16/11, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Edward E. Jones E38291  
CSP-SATF V  
P.O. Box 5248  
FAC. B-3-157L  
Corcoran, CA 93212

Dated: 2/16/11

                            Richard W. Wieking, Clerk